NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-4603

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

DEC 0 7 2006

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| GREGORY GALLATIN, | ) |
| Appellant. | ) |

Before: SUTTON and GRIFFIN, Circuit Judges; and COHN, District Judge.[*]

SUTTON, Circuit Judge. Gregory Gallatin pleaded guilty to two marijuana-distribution charges, after which the court imposed a 110-month sentence. In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), Gallatin received a second sentencing hearing. At this hearing, the district court properly acknowledged the advisory nature of the guidelines, correctly calculated Gallatin's guidelines range, adequately considered the § 3553(a) factors and imposed the same sentence. Because this second sentence is both procedurally and substantively reasonable, we affirm.

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 05-4603
*U.S. v. Gallatin*

I.

On December 1, 2000, DEA agents arrested Kevin Mueller and seized 55 pounds of marijuana from him. Soon after the arrest, Mueller cooperated with the agents and told them that Gallatin was his marijuana source.

Relying on Mueller's tip, the agents obtained a search warrant for Gallatin's residence. During the search of Gallatin's home, the agents seized 110 pounds of marijuana, a number of scales, a loaded handgun and other items that are frequently utilized in drug trafficking.

In August 2001, Gallatin pleaded guilty to one count of conspiracy to distribute marijuana, *see* 21 U.S.C. § 846, and one count of possession of marijuana with intent to distribute, *see id.* § 841(a)(1). On July 29, 2002, the district court sentenced Gallatin to a 110-month prison term. A panel of this court affirmed his sentence. *United States v. Gallatin*, 88 F. App'x 54 (6th Cir. Feb. 12, 2004).

The Supreme Court granted Gallatin's certiorari petition, vacated the judgment and remanded the case for reconsideration in light of *Booker*. *Gallatin v. United States*, 543 U.S. 1110 (2005). The district court imposed a 110-month prison sentence on remand.

II.

Under *Booker*, we review sentences for procedural and substantive reasonableness. So long as the trial court appreciates the advisory nature of the guidelines, calculates the guidelines'

No. 05-4603
*U.S. v. Gallatin*

recommendation correctly and considers the § 3553(a) factors in exercising its independent judgment about what sentence to impose, it satisfies the procedural requirements of review. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). If the court then imposes a substantively reasonable sentence, *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), we will uphold it.

The district court satisfied these modest requirements. First, it correctly applied the guidelines in determining a sentencing range of 110 to 137 months.

Second, it adequately considered the § 3553(a) factors. Addressing the "history and characteristics of the defendant," *see* 18 U.S.C. § 3553(a)(1), it noted that Gallatin had "a lengthy criminal history record," JA 333. Discussing the "need for the sentence . . . to reflect the seriousness of the offense," *see* § 3553(a)(2)(A), it observed that Gallatin's crime involved "a lot, a very lot of marijuana," JA 333, that such an amount was for a "dealer," *id.*, that he was "storing all of this marijuana at [his] house with [his] children in the house," JA 344, and that "marijuana is very destructive," JA 345. Reflecting on the "need for the sentence . . . to afford adequate deterrence to criminal conduct," *see* § 3553(a)(2)(B), and "to protect the public from further crimes of the defendant," *see* § 3553(a)(2)(C), it noted that the sentence would "adequately deter future criminal conduct" by the defendant, JA 345. Considering the guidelines' goal of sentencing uniformity, *see* § 3553(a)(6), it observed that a guidelines sentence has the virtue of "treat[ing] everybody about the same unless there's some . . . reason to deviate either under the rules or under 3553(a)," JA 344. Factoring rehabilitation into the equation, *see* § 3553(a)(2)(D), it ensured that the circumstances of his remaining confinement would further that goal, *see* JA 346–48. In the end, while the district

No. 05-4603
*U.S. v. Gallatin*

court did not mention every § 3553(a) factor by name, it provided "sufficient evidence in the record to affirmatively demonstrate the court's consideration" of the § 3553(a) factors, *McBride*, 434 F.3d at 475 n.3, which is all that we require because "the ritual incantation of the factors" has never been demanded "to affirm a sentence," *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (internal quotation marks omitted).

Third, the district court understood the advisory nature of the guidelines. *See* JA 344 ("We're no longer bound to follow the guidelines. They're only advisory. They're not mandatory.").

Having satisfied these procedural requirements, the district court opted to give a within-guidelines sentence. The resulting 110-month sentence—well below the statutory maximum of 20 years—represented the low end of the guidelines range. And "there is nothing in the record which suggests that the district court's sentencing determination was unreasonable." *Webb*, 403 F.3d at 384. On this record, the district court imposed a procedurally and substantively reasonable sentence.

Attempting to alter this conclusion, Gallatin argues that the district court: (1) "violated [his] Sixth Amendment rights by imposing a sentence that was based on facts that were not established . . . when it found that [he] was responsible for 609 pounds of marijuana"; (2) "violated [his] Sixth Amendment rights by imposing a sentence that was based on facts that were not established . . . when it found [him] to be a supervisor in the conspiracy"; (3) "erred by not reducing [his] base offense level by 2 points for being a 'minor participant'"; (4) "erred by placing [him] in a criminal history category of VI, when [that] calculation unnecessarily overstated his criminal history"; and

No. 05-4603
U.S. v. Gallatin

(5) "erred by not reducing [his] sentence due to post-conviction rehabilitation." Br. at 2–3. We disagree.

Neither the district court's 609-pounds-of-marijuana finding nor its finding that Gallatin played a supervisory role in the conspiracy implicates Gallatin's Sixth Amendment rights. Once courts treat the guidelines "as advisory provisions," the use of "the [g]uidelines as currently written" does "not implicate the Sixth Amendment." *Booker*, 543 U.S. at 233. A prior panel of this court, it bears adding, rejected Gallatin's challenges to the evidentiary support for these findings. *See Gallatin*, 88 F. App'x at 60 (observing that because Gallatin "admitted during his original plea colloquy that he transported 150–400 pounds of marijuana on at least three separate occasions" it was "proper" to sentence him for over 600 pounds of marijuana); *id.* at 61 (observing that "Gallatin admitted, under oath, that he 'caused others to travel' to obtain the supply of marijuana" and concluding that the district court's decision to apply the supervisor enhancement was "appropriate").

In view of this court's prior decision that Gallatin's conduct warranted a supervisor enhancement, a decision he does not (and cannot) challenge here, Gallatin cannot tenably argue that the district court erred in denying his request to lower his base offense level by two points for being a "minor participant."

Gallatin also does not develop any traction in arguing that his properly calculated criminal-history category "overstated his criminal history" and that he thus should have been given a downward departure. Br. at 2, 24. So long as the district court recognizes its discretion to depart

No. 05-4603
*U.S. v. Gallatin*

downward (nothing in the record suggests that the court did not recognize this discretion), we may not review its decision. *See United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005) (holding that we will not review such a decision "unless the record reflects that the district court was not aware of or did not understand its discretion") (internal quotation marks omitted).

Nor has Gallatin shown that the district court abused its discretion by declining to depart downward on account of his "post-conviction rehabilitation." Br. at 25. Here, too, nothing in the record indicates that the district court did not appreciate its discretion to depart downward, and accordingly we have no authority to review this aspect of the court's decision.

III.

For these reasons, we affirm.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

LAURA JONES
(513) 564-7023
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: December 7, 2006

Kenneth L. Parker
U.S. Attorney's Office
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Bryan R. Perkins
119 E. Court Street
Suite 314
Cincinnati, OH 45202

    RE: 05-4603
        USA vs. Gallatin
        District Court No. 00-00111

    Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, ~~Clerk~~

Laura A. Jones
Case Manager

Enclosure

cc: Honorable Susan J. Dlott
    Mr. James Bonini

```
Mr. James Bonini, Clerk
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH  45202
```