UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


UNITED STATES OF AMERICA     :    CRIMINAL NO. 1-00-111(1)
                             :
                             :    JUDGE DLOTT
         v.                  :
                             :    **GOVERNMENT'S RESPONSE IN**
                             :    **OPPOSITION TO DEFENDANT'S**
GREGORY A. GALLATIN          :    **MOTION FOR RETURN OF PROPERTY**

- - - - - - - - - - - - - - -

Now comes the United States, by and through counsel, and hereby respectfully requests that this Court deny defendant Gregory Gallatin's Motion for return of property because this Court is jurisdictionally barred.

The following memorandum will sufficiently set forth the facts in this case as well as provide pertinent case law in support of a denial of defendant's motion.

**STATEMENT OF FACTS**

On December 1, 2000, agents with the Cincinnati office of the Drug Enforcement Administration (DEA) executed a search warrant at Gallatin's residence at 6137 North Fordham Place in Cincinnati, Ohio. During the search, the agents discovered and seized approximately 110 pounds of marijuana, a number of scales, approximately $5,000 U.S. currency, and other evidentiary items of identification and materials indicative of marijuana trafficking, including numerous plastic bags; suit cases and duffel bags;

numerous cellular telephones; marijuana smoking pipes; rubber bands; syringes; a two-way radio; and a loaded Beretta firearm. (See Search Warrant Return at Attachment A).[1]  On December 13, 2000, Gallatin was indicted for conspiracy to distribute marijuana and possession of marijuana with the intent to distribute in violation of Title 21 U.S.C. §§ 846 and 841(a)(1).

On January 4, 2001, the DEA sent notices of the administrative forfeiture proceedings regarding the $5,000 U.S. currency taken from Gallatin's residence.  The notices were sent to the office of Gallatin's attorney, Richard Goldberg; the Hamilton County Justice Center (the jail in which Gallatin was being housed); and his home on North Fordham Place. (See Seizure Status Inquiry at Attachment B: Notification Information).  The DEA even sent notice of the administrative forfeiture proceedings to Gallatin's stepson, Michael Payne at the North Fordham residence. (See Attachment B). Each notice listed a deadline to enter a claim for the currency. (Id.).  All of the notices were returned to the DEA marked as "completed."

On January 15, 2001, the DEA fulfilled its obligations of publication by listing the administrative forfeiture of the currency in the Wall Street Journal. (See Attachment B: Newspaper

---

[1] Although the defendant asserts a claim for the return of $1,700 taken from a bank account, the undersigned Assistant U.S. Attorney sought to validate this information and determined that there is no account of such monies ever being seized.

Advertisement Information).  This publication listed a claim deadline as well.

No one entered a claim for the currency by the deadline and, on July 2, 2001, the funds were administratively forfeited and disbursed to law enforcement agencies in the district.  (<u>See</u> Attachment B: Equitable Sharing Information).

On August 1, 2001, Gallatin entered a plea to Counts 1 and 3 of the Indictment.  On July 29, 2002, this Court sentenced him to 110 months in prison, three years of supervised release on each count, and ordered him to pay a one thousand dollar fine and two hundred dollars special assessment.[2]

At no time did Gallatin or anyone else request that any of the items seized during the search be returned.  Since the items seized were evidence and/or contraband indicative of drug trafficking, the DEA destroyed the items.

On December 8, 2004, Gallatin filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). (Doc. 131).

---

[2] After the Court of Appeals remanded his case back to the district court for resentencing pursuant to the directive of the United States Supreme Court following <u>United States v. Booker</u>, 543 U.S. 220 (2005), this Court imposed a sentence of 110 months in prison, three years of supervised release on each count, and ordered the defendant to pay a one thousand dollar fine and two hundred dollars special assessment on October 27, 2005.

**MEMORANDUM**

Generally, the government must return evidence seized during the investigation unless it is contraband or subject to forfeiture. <u>United States v. Bein</u>, 214 F.3d 408, 411 (3rd Cir. 2000).[3]

While Rule 41(g) of the Federal Rules of Criminal Procedure permits a person aggrieved by the deprivation of property to move for the property's return, if such a motion is brought after the criminal proceedings have concluded it is treated as a civil equitable action. <u>See</u> <u>Diaz v. United States</u>, 517 F.3d 608, 610 (2nd Cir. 2008); <u>Bein</u>, 214 F.3d at 411.

The commencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of forfeiture on a Rule 41(g) motion. <u>See</u> <u>Diaz</u>, 517 F.3d at 610-11 (citations omitted). To effect an administrative forfeiture, the government must send written notice of the seizure together with information on the applicable forfeiture procedures to each party who may have an interest in the seized item. 19 U.S.C. § 1607(a); <u>see also</u> 21 C.F.R. 1316.77(a).

---

[3] The Controlled Substances Act authorizes the forfeiture of property seized from drug offenders. <u>See</u> 21 U.S.C. § 881. Property seized from drug offenders that has a value of less than $500,000 may be subject to administrative forfeiture. <u>See</u> 19 U.S.C. §§ 1607-09.

In this case, Gallatin brings this action after the criminal proceedings have concluded, the physical contraband has been destroyed and the currency has been administratively forfeited.

We submit that if the property was available the district court could order its return. Bertin v. United States, 478 F.3d 489, 492 (2nd Cir. 2007). However, in regards to the currency, the Court's only determination is whether procedural safeguards were properly observed by the government before it was administratively forfeited. Diaz, 517 F.3d at 611. The threshold question then is whether Gallatin received adequate notice that the currency was being administratively forfeited. See United States v. McGlory, 202 F.3d 664, 670 (3rd Cir. 2000)(en banc)(emphasizing that a district court's determination with regards to a Rule 41(g) motion filed after the criminal proceedings were completed is to consider whether the person received adequate notice in regards to the administrative forfeiture proceedings). Due process does not require that the individual who may have an interest in the seized item receive "actual" notice. See Dusenbery v. United States, 534 U.S. 161, 171 (2000). Notice is considered sufficient if the government took reasonably calculated steps under all circumstances to apprise the defendant of the pendency of forfeiture. Dusenbery, 534 U.S. at 167. Such circumstances also include if the government sent notice to the defendant at the penal institution in which he is being housed. Centeno v. United States, 2006 WL 2382529, *1, *3

5

(S.D.N.Y. Aug. 17, 2006)(citing <u>Dusenbery</u>, <u>supra</u> and <u>Patterson v. United States</u>, 2005 WL 2414765, *1, *4 (S.D.N.Y. Sept. 27, 2005) in support of its reasoning that sending notice addressed to the prisoner at his place of incarceration is sufficient); <u>United States v. Hines</u>, 2003 WL 22232887, *1, *4-5 (E.D.Pa. Aug. 28, 2003).

In this case, the DEA took reasonably calculated steps to send notice to Gallatin of the impending administrative forfeiture of the currency taken from his residence. Notices were sent to his attorney's office; the place in which he was incarcerated; and his home. The DEA also took additional reasonable steps to send notice to his stepson and published notice in the Wall Street Journal. The notice deliveries were completed and no one filed a claim. In fact, Gallatin did not file a claim until nearly three and a half years after the currency was properly disbursed to law enforcement agencies.

Accordingly, Gallatin's claim for return of the currency is jurisdictionally barred as the government took reasonable steps under the circumstances to afford him and others notice of the administrative proceedings.

In regards to the physical items seized from his home, they were properly destroyed as evidence and/or contraband of his the case. While Gallatin may want to seek a cash equivalent of the items, absent an "unequivocal express" waiver by the United States

to be sued, such a claim is jurisdictionally barred by sovereign immunity.  Diaz, 517 F.3d at 611 (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994) and United States v. Mitchell, 463 U.S. 206, 212 (1983)); see also United States v. Nordic Village, Inc., 503 U.S. 30-33-34 (1992)(waiver must be "unequivocally expressed" and cannot arise from implication).  In other words, sovereign immunity bars a person from seeking monetary damages for personal property destroyed while in the government's possession. Adeleke v. United States, 355 F.3d 144, 151 (2nd Cir. 2004); United States v. Hall, 269 F.3d 940, 941 (8th Cir. 2001); United States v. Potes Ramirez, 260 F.3d 1310, 1315-16 (11th Cir. 2001)(Although remanding the case back to the district court for a clearer determination on the destruction of the claimant's military card and Colombian citizenship card, the appellate court acknowledged that an award of monetary damages for the items was barred by sovereign immunity); United States v. Jones, 225 F.3d 468, 468 (4th Cir. 2000)(affirming the district court's determination that it lacked jurisdiction to entertain a claim for damages arising out of the government's destruction of claimant's property); United States v. Bein, 214 F.3d 408, 410 (3rd Cir. 2000); Pena v. United States, 571 F.3d 984, 986 (5th Cir. 1998).[4]  Likewise, "seized currency should not be

---

[4] In United States v. Potes Ramirez, 260 F.3d 1310 (11th Cir. 2001), the claimant sought the return of his military card and Colombian citizenship card, which are similar to the items of identification Gallatin seeks in this case.  The district court denied the claimant's motion because the property had been

treated like any other seized property: if the property is no longer available, sovereign immunity bars the claimant from seeking compensation. See Diaz 517 F.3d at 612.

The United States has never waived its immunity in this case. In absence of such an express waiver, Gallatin's motion for a return of any personal property (including currency) is jurisdictionally barred.

## CONCLUSION

Accordingly, this Court should deny Gallatin's motion for a return of property.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Kenneth L. Parker
KENNETH L. PARKER (0068805)
Assistant United States Attorney
221 East Fourth Street
Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Kenneth.Parker@usdoj.gov

---

destroyed. Id. at 1312. Although remanding the case back to the district court for a clearer determination on the destruction of the documents, the Eleventh Circuit Court of Appeals acknowledged that an award of monetary damages for the items was barred by sovereign immunity. Id. at 1315-16.

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was delivered by regular U.S. Mail this 20th day of May, 2008, to Gregory Gallatin, FCI Milan, P.O. Box 9999, East Arkona Road, Milan, Michigan 48160.

                                            s/Kenneth L. Parker
                                            KENNETH L. PARKER (0068805)
                                            Assistant United States Attorney