IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America,        : | |
| :                                  | Case No. 1:00-cr-111(1) |
| Plaintiff,                    : | |
| :                                  | District Judge Susan J. Dlott |
| v.                               : | |
| :                                  | ORDER DENYING IN PART |
| Gregory Gallatin,                : | MOTION FOR RETURN OF |
| :                                  | PROPERTY |
| Defendant.                  : | |

This matter is before the Court on Defendant's Motion for Return of Property Made Pursuant to Fed. R. Crim. P. 41(g).  (Doc. 131.)  For the reasons that follow, the motion is **DENIED IN PART**.

I.      BACKGROUND

On December 1, 2000, federal agents executed a search warrant and arrested Defendant Gregory Gallatin. On December 13, 2000, Gallatin was indicted for possession with the intent to distribute marijuana and conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Thereafter, Gallatin entered a conditional plea of guilty and was sentenced to 110 months imprisonment. The Sixth Circuit Court of Appeals denied Gallatin's subsequent appeal on December 7, 2006.

The pending motion concerns items seized by the Government pursuant to the search warrant executed on or about December 1, 2000.  The Return of the Warrant lists numerous items seized pursuant to the warrant: $5000 in United States currency, 104 pounds of marijuana, and items of personal property including a handgun, scales, and cell phones.  (Doc. 155 Ex. A.) The Government initiated administrative forfeiture proceedings in 2001 in regards to the $5,000 seized.  The Government sent notice of the administrative forfeiture to Gallatin at three

addresses: (1) his attorney's address, (2) the jail at which he was housed, and (3) his former residence, at which his stepson was believed to reside.  (Doc. 155 Ex. B.)  Each notice had a return receipt date of January 8, 2001 and was marked as "Completed."  (Id.)  The Government also published notice in the Wall Street Journal beginning on January 15, 2001.  (Id.)  Ultimately, the seized currency was disbursed among multiple government agencies on or about July 2, 2001.  (Id.)

On December 8, 2004, Gallatin filed the pending *pro se* motion for return of the following specific property which the Government had seized from his home in December 2000:

(1) $5,000 seized;
(2) Three trash bags containing documents;
(3) Two suit cases;
(4) Three duffel bags;
(5) One plastic bag contained records and documents;
(6) Three bags of records;
(7) Vehicle records;
(8) Seven cellular phones;
(9) One Beretta handgun;
(10) One digital scale; and
(11) One Icom 2-way radio.

(Doc. 131 at 2-3.)  Gallatin also seeks the return of $1,700 allegedly seized from his checking account at Provident Bank.  The Government filed a brief opposing the motion on May 20, 2008.

## II.    LAW AND ANALYSIS

Gallatin moves pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property.  The Rule provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later

proceedings.

Fed. R. Crim. P. 41(g). However, once a person has been convicted of a crime and criminal proceedings have ended, a motion for return of property is treated as a civil action for equitable relief. United States v. Diaz, 517 F.3d 608, 611 (2d Cir. 2008); Stiger v. United States, 100 F. App'x 370, 371-72 (6th Cir. 2004); United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000);

The Court's equitable jurisdiction includes ensuring that procedural safeguards were followed. Dusenberry v. United States, 534 U.S. 161, 163-67 (2002); U.S. v. Latham, 54 F. App'x 441, 444 (6th Cir. 2002); United States v. McGlory, 202 F.3d 664, 670 (3rd Cir. 2000). The Due Process Clause of the Fifth Amendment generally requires notice and an opportunity to be heard before the Government can deprive any person of property. Dusenberry, 534 U.S. at 167. Here, the Government was required to provide notice reasonably calculated under all the circumstances to appraise Gallatin about the administrative forfeiture proceedings for the $5,000 seized pursuant to the warrant. Dusenberry, 534 U.S. at 168-69; Latham, 54 F. App'x at 444. The law does not require proof of actual notice. Dusenberry, 534 U.S. at 170-71; Latham, 54 F. App'x at 444. Gallatin does not allege that Government's notice to him was procedurally defective. Moreover, courts have approved notice methods such as those employed by the Government here as providing necessary due process protection. See Dusenberry, 534 U.S. at 172 (mailing notice to prison address of the petitioner); Latham, 54 F. App'x at 445 (service by certified mail to fugitive's last known address); Wright v. Ohio, No. C-1-05-18, 2006 WL 2850508, *8 (S.D. Ohio Sept. 29, 2006) (notice published in national newspaper).[1] Accordingly,

---

[1] These means of notice also are consistent with the requirements for forfeiture and notice set forth in 21 U.S.C. § 881(a)(6) and (d), 19 U.S.C. § 1607(a), and 21 C.F.R. § 1316.71 *et seq.* See Latham, 54 F. App'x at 444.

Gallatin's motion is denied as to the return of the $5,000.

As to the personal property seized pursuant to the warrant, the Government asserts in its brief that the items were destroyed by the DEA on an unspecified date as "evidence and/or contraband indicative of drug trafficking." (Doc. 155 at 3.) However, the Government must provide evidentiary support for that assertion. Assuming that the property has been destroyed, Gallatin cannot seek money damages from the Government pursuant to Rule 41(g) to compensate him for the property loss. The Sixth Circuit, and several other Circuits, have held that the doctrine of sovereign immunity bars claims against the United States for money damages pursuant to Rule 41(g). McBean v. United States, 43 F. App'x 853, 855 (6th Cir. 2002); see also, e.g., Diaz, 517 F.3d at 611-13; United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001); United States v. Potes Ramirez, 260 F.3d 1310, 1316 (11th Cir. 2001); United States. v. Jones, 225 F.3d 468, 470 (4th Cir. 2000); Bein, 214 F.3d at 412-14; Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998).

Finally, the Government also asserts in its brief that its agents did not seize $1,700 from Gallatin's bank account. (Doc. 155 at 2 n.1.) The Government must provide evidentiary support, such as an affidavit sworn by the Assistant United States Attorney, for that assertion as well.

### III. CONCLUSION

For the foregoing reasons, the Motion for Return of Property (Doc. 131) is **DENIED IN PART** as to the $5,000 seized pursuant to the warrant. Additionally, the Government is **ORDERED** to file within 30 days of the date of this Order an affidavit(s) and any necessary exhibits to support its assertions (1) that the Government did not seize $1,700 from Gallatin's

bank account and (2) that DEA agents destroyed the personal property items identified in Exhibit A to the Government's Response brief (doc. 155). The affidavit shall contain the approximate date that the property was destroyed. Gallatin then shall have thirty (30) days after the Government files its affidavit(s) to file a reply brief in support of its motion as to the personal property and $1,700 only.

      IT IS SO ORDERED.

                                                                                s/Susan J. Dlott
                                                                                 Susan J. Dlott
                                                                                 United States District Judge